My name is Jim LeBlanc. I'm representing Mr. Lanny Christensen, the appellate. I'd like to just make a few brief points and reserve two minutes for rebuttal. That's fine. Just keep an eye on them. I want to make sure that we understand that my client is simply asking for his day in court. He wants the opportunity to prove the inequities of taxing him with respect to income that was earned by a former wife back in 89 and 90. Why are you saying that your client has not had his day in court? Well, we have petitioned the tax court. We have specifically asked under 6015F that the tax court examine the equities of taxing my client on the former wife's income. But didn't the tax court rule on the issue? Yes, it did, and that's what we're appealing for. Isn't that a day in court, though? I mean, whether you agree or disagree with the outcome, you've had an opportunity to present a matter. Well, I suppose on a procedural level, from strictly a procedural level, there has been a ruling. It's our position that the ruling on that procedural matter has prevented him from putting forth the underlying cause of action, the inequities that result in he being taxed on his former wife's income. Well, the tax court said that at 6015F, for that to apply, it had to be a jointly filed return. That's correct, and we have argued, a close reading of 6015F has no requirement that a joint return be filed. Right, but the tax court disagreed with that argument. So you're asking us to compel the tax court to accept an argument that the tax court said is not proper? Is that what you want us to do? That's correct, Your Honor. I'd like this court to look at section 6015F. I would like this court to look at the backdrop, the drop under which this section was passed, which were the 1998 congressional hearings, where tax abuse was the central theme, and the fact that Congress put in place 6015F to say, in essence, that to the extent that we have provided legislation to remedy inequities related to the marriage issue, to the extent that we have missed something, the taxpayer is still going to be able to have his day in court to present the inequity both to the IRS and then ultimately to the tax court. And I might add, it's only been the last two years the service has been arguing that the tax court doesn't have jurisdiction under 6015F, and now my understanding is it has conceded that issue, and in fact the tax court can examine F issues. And that's what we're asking this court to allow my client to assert. So what's your best argument that the tax court misinterpreted 615F? I think the best argument is if you read 6015F, it does not require a joint return filing. But don't you have to read the entire statutory scheme? You can't just read that in isolation, can you? You're saying read 6015F, just that subsection, without reading anything that comes before or anything that comes after? No. I think that I'm speaking in context of all of the code sections. We're talking about innocent spouse relief. The problem here is that there are inequities that arise through marriage, and it has nothing to do with whether you file a joint return or a separate return, whether you're in a community property state or a non-community property state. The problem is the marriage, and Congress was trying to address that, and Congress provided 6015F as an escape valve, that in any case our system, our tax system, needs to be fair, and a taxpayer should be allowed to have his day in court and show the inequities of taxing him on his spouse's earnings. And that's all we're asking for. We may not succeed in tax court, but we want that chance to succeed. Counsel, what do you think is the import of the fact that the title of Section 6015 states that its subsections provide relief from joint and several liability on joint return? What does that mean, then, if it's not a clear indication that a joint return is required? And it's a problem for our case. And the Raymond case, which is cited, it's a tax court case, and has cited that 6015F only applies to joint returns, cited to that very fact. And as a matter of statutory construction, titles do mean something. And I'm not arguing against that. What I would say is that we're dealing with an area of innocent spouse relief, and it's not strictly related to joint returns. And from that standpoint, I think it's just a title of a section. I don't believe this is what Congress meant when it put in F. Congress meant to make that an overarching section, if you will, to protect taxpayers from inequities due to marriage. And I think from that standpoint, we've got to set aside the title and treat F for truly what it is. Well, what do you make of the fact that in Section 6015H, the non-petitioning spouse is referred to as the other individual filing the joint return? That's not a title. That's language in the statute. There is no doubt, Your Honor, that 6015A has as an emphasis the joint return filing requirement. But if you read F, it's saying that to the extent that you don't meet the requirements of 6015 and the joint return requirements, that you have F as a remedy. But that's why I ask you whether we ignore everything that comes before and after, because you're asking us just to focus in on one subsection and ignore the other language that points to a different interpretation. Yes, I am. I am asking you to do that, because I think that conforms to congressional intent. Congress was intending to provide an overarching escape valve and have some day in court for a taxpayer who feels that he can present inequities. May I ask, is this the only provision in the tax code that potentially provides an avenue of relief for your client? Yes, it is. This is it? This is it. At this point in time, this is it. And, you know, we've got income earned by his wife through a partnership. He knew nothing of the business. He did not benefit economically from the business. We have a strong equities case if we're allowed to present it in tax court. And that's all we ask. You wanted to save some time for rebuttals. Yes, thank you, Your Honor. There's two minutes left. If it pleases the Court, my name is Robert Bramman. I'm here for the Commissioner of Internal Revenue. I think Judge Rawlinson has a pretty good handle on the government's position in the case. I don't think I'll need to take very much time. I just think it's important to say at the outset there are two kinds of claims that married taxpayers, two avenues of relief that married taxpayers can take for relief from the unfortunate taxable consequences of their marriage. Joint filers who have incurred a joint and several liability can obtain relief under Section 6015. Married taxpayers who did not file joint returns but find themselves with a tax consequence because they're domiciled in a community property estate and they have to pay tax on one-half of their spouse's income have been having a relief under Section 66. Mr. Christensen could have had his day in court at an earlier time. Where I focus in here is since he did not file a joint return, indeed did not file any returns at all for the two years at issue, the IRS, in order to assess the tax against him, the IRS had to conduct an audit and issue him a statutory notice of deficiency permitting him an opportunity to go to the tax court, and that is what he should have done to raise this Section 66 argument. He did not. We don't know why. It's not in the record. I heard him say he didn't at this time, his only opportunity in court is through Section 6015. I was wondering about the availability of Section 66. Right. Oh, I see. The Section 66 and Section 6015 are similar in parallel, but they're not exactly the same. Partly that's because a married taxpayer might find that their spouse has sort of thrown away one of their opportunities to litigate an issue. One might find that the spouse that received the notice of deficiency had not responded to it or had made an argument but not all the same arguments. Congress might have concluded that a taxpayer who did not file a joint return, who was the only recipient of the notice of deficiency, had entirely at his control whether to raise the Section 66 argument or not. So now the tax court has what we call a stand-alone jurisdiction to determine these innocent spouse claims. Well, colloquially they're called innocent spouse claims, but as Judge Rawlinson noted, the title of the section is Relief from Joint and Several Liability for Joint Filers. The tax court does not have stand-alone jurisdiction to hear a Section 66 claim. A person can only raise it when a notice of deficiency has been sent to them and they come to the tax court for it. So it has to be initiated by the taxing authorities, and then it can be used sort of as an affirmative defense? Yeah, it's hard to say sort of who initiates and who doesn't, but you can't get into the tax court until the IRS issues a notice of deficiency and then the taxpayer is considered the petitioner at that point. I see. Is it pretty clear that that's what the statute was intended for? I think so. It's a very technical statute, and originally there was only one provision, one way to get relief. You had to sort of say that you didn't know about your spouse's second stream of income that he was spending on his mistress, and it's grossly erroneous to hold the other spouse liable. In 1998 they added this other section, now it's under 6015C, that basically lets you opt out of reverse your joint election and say we'll go our separate ways and we'll each pay our tax on our share of income. And then they threw in the 6015F, equitable relief under any other facts and circumstances. It's sort of a grab bag. The way the statutes are written, you're supposed to try to get the regular relief before going for the grab bag relief. It's clear that under subsection A they refer to joint returns, and B they refer to joint returns, and C they refer to joint returns, and F came in maybe wasn't sort of worked over as thoroughly in conference committee to get the language to conform to the title of the section and the other sections. I think that's all I have. And there's no question now that nowadays under the statute that the tax court has jurisdiction. There's no question that the tax court had. We don't dispute that the tax court had jurisdiction in this case to entertain the innocent spouse claim for relief. The tax court concluded that it did have jurisdiction. There was some dispute whether it was this change. At an earlier time the statute said the tax court only had jurisdiction to determine an F claim if the taxpayer requested relief under B or C and didn't get it. And Mr. Christensen did request relief under B or C, although he dropped it by the time of appeal, which makes it look kind of weird. In the meantime, Congress has amended that and said the tax court has jurisdiction to determine an F claim even if the taxpayer did not make a claim under B or C. So the tax court had jurisdiction. It said it couldn't award any relief because there had not been a joint return. So under either scenario the tax court had jurisdiction in this case. The tax court had jurisdiction. Mr. Christensen did not qualify because he had not filed a joint return. Okay. Thank you. And a two-minute rebuttal. Thank you, Your Honor. In terms of the question about whether my client now has any relief in any court, the answer is no. The 66C provision is, as argued by the government, potentially available because California is a community property state, but in fact there isn't jurisdiction for under 66C to be heard in the tax court. That jurisdiction does not exist. Is it still possible for a notice of deficiency to be issued regarding the tax? This is an unclear part of the case, Your Honor. There was an audit, but this is an audit done on a business that my client was completely unassociated with, except because of the marriage. I understand. So because of the community property aspect, is it possible that there could be a deficiency assessed against your client as part of the community? Well, as I understand it, that's what's happened. Okay. But then if there's a deficiency, wouldn't that trigger your right to invoke Section 66? If there was a right, and if there was, and we don't have any, we don't have in our records any evidence of a deficiency notice. The government presents this case as if there is a deficiency notice. No, I'm just asking, is it possible, I mean, is it possible for that to happen? Is it too, it has a statute of limitations run, or is that still a viable eventuality? I don't think it's a viable eventuality. What I would say is, Your Honor, at the very least, the legislation in this area is unclear. Given the fact that my client is simply asking to be allowed to present his case in tax court about the inequities, I would hope that you'd rule in favor of my client. Thank you, counsel. Thank you. We appreciate both arguments, the counsel for the plaintiff and the government. And the matter will be submitted, and we'll turn to our next case, which is United States of America v. Alejandro Fidel Islas. I think that was the man. Oh, I'm sorry. Islas is submitted on the briefs. I'm sorry.
judges: Paez, Rawlinson, Conlon